# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **KAYLYNN SMART** <br> 655 E. Pearl <br> Toledo, Ohio 43608 | * <br> * <br> * <br> * | Case No. <br><br> Judge |
| Plaintiff, | * <br> * | |
| -VS- | * <br> * | **COMPLAINT** |
| | * | (Jury Demand Endorsed Hereon) |
| **CITY OF TOLEDO** <br> One Government Center, Suite 2250 <br> Toledo, Ohio 43604 | * <br> * <br> * <br> * | |
| -and- | * <br> * | |
| **TOLEDO POLICE OFFICER A. HOBBS** <br> 525 North Erie St. <br> Toledo, Ohio 43604 | * <br> * <br> * <br> * | Martin J. McManus (#0032951) <br> *McManus & McManus* <br> 709 Madison Ave., Suite 303 <br> Toledo, Ohio 43604 |
| -and- | * <br> * | Tel: 419-242-1255 <br> Fax: 419-242-1705 |
| **TOLEDO POLICE OFFICER A. PLUFF** <br> 525 North Erie St. <br> Toledo, Ohio 43604 | * <br> * <br> * <br> * | Email: mjmlaw@att.net <br><br> Attorney for Plaintiff |
| Defendants. | * | |

NOW COMES Plaintiff, Kaylynn Smart, by and through undersigned counsel, and for her complaint against Defendants state the following:

1

## PRELIMINARY STATEMENT

1. Plaintiff, Kaylynn Smart, brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of Ohio and United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff, Kaylynn Smart, further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Northern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(a), (b), (c) and § 1402(b) because the claims arose in this district and Plaintiff, Kaylynn Smart, resides in this district.

## JURY DEMAND

5. Plaintiff, Kaylynn Smart respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. Procedure 38(B).

## THE PARTIES

6. Plaintiff **KAYLYNN SMART** ("Ms. Smart"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Lucas and the State of Ohio.

7. Defendant **CITY OF TOLEDO** ("City"), is a municipal corporation duly organized and existing under and by virtue of the laws of the State of Ohio.

8. The **TOLEDO POLICE DEPARTMENT** ("TPD"), is a charter agency of the City authorized to perform law enforcement functions in and for the City. Defendant City maintains the TPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department, acting under the direction and supervision of the aforementioned municipal corporation, City of Toledo.

9. Defendant **OFFICER ADAM HOBBS**, Badge No. #2681 ("Officer Hobbs"), is and was at all times relevant hereto an employee of the City, duly appointed and acting as a police officer for TPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer and was acting under the supervision of said department and according to their official duties.

10. Defendant **OFFICER ASHLYN PLUFF**, Badge No. #2653 ("Officer Pluff"), is and was at all times relevant hereto an employee of the City, duly appointed and acting as a police officer for TPD, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer and was acting under the supervision of said department and according to their official duties.

11. That at all times relevant herein, Officer Hobbs was a supervisory employee of, and an agent, servant and/or employee of the City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

12. That at all times relevant herein, Officer Pluff was a supervisory employee of, and an agent, servant and/or employee of the City, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of her functions in the course of her duties. She is sued individually and in her supervisory capacity.

13. That at all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and the State of Ohio.

14. That at all times relevant herein, the City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

15. That at all times relevant herein, Officer Hobbs and Officer Pluff were each employees of the City and TPD and that the City and TPD are responsible for the actions and conduct of the individual defendants under the theory of *respondeat superior*.

16. That at all times relevant herein, Officer Hobbs and Officer Pluff were personnel of the City and TPD.

17. That at all times hereinafter mentioned and upon information and belief, the City and TPD employed and supervised Officer Hobbs and Pluff.

18. Upon information and belief, Officer Hobbs and Officer Pluff were graduates of the Police Academy of The City of Toledo, where they received training and instruction set forth and sanctioned by the City and TPD. Further, while at the Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named Defendants received training and instruction formulated by the City and TPD and said training includes instruction as to custom and practice of the City and TPD and same relates to the arrest procedure. Said custom and practice, and said training and instruction regarding arrests, by the very nature of the custom and practice violate the civil rights of the public, including the Plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the Plaintiff herein.

19. At all times relevant hereto, the City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, Officer Hobbs and Officer Pluff, to conform their conduct to a standard for the protection of individuals, such as plaintiff,

against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

20. At all times relevant hereto, the City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels, Officer Hobbs and Officer Pluff, in the protections of the rights of Plaintiff under the Constitution and the Bill of Rights.

21. At all times hereinafter mentioned, Officer Hobbs and Officer Pluff were acting under color of law and that such acts constituted state action.

22. That at all times hereinafter mentioned, Officer Hobbs and Officer Pluff were on duty and/or acting as employees, agents or servants of the City and were also present at the same time and in the same place as Plaintiff as aforesaid.

**STATEMENT OF FACTS**

23. That on or about January 1, 2023, Ms. Smart was a lawful citizen abiding by all laws, statutes, and ordinances of the State of Ohio and the United States of America.

24. On January 1, 2023, Officer Hobbs and Officer Pluff improperly and without any justification arrested Ms. Smart after forcibly removing her from the passenger seat of the vehicle she was occupying.

25. On January 1, 2023, Ms. Smart was beaten, battered, and assaulted by Defendant Officers.

26. That at all relevant times herein, Officer Hobbs and Officer Pluff handcuffed Ms. Smart unnecessarily, unreasonably and unlawfully thereby restraining her freedom of movement.

27. That the arresting Defendant Officers knowingly, intentionally, recklessly or negligently placed Ms. Smart in excessively tight handcuffs and forcefully manipulated her arms, head, and body causing her pain and emotional distress.

28. Ms. Smart did not resist or obstruct any lawful arrest in any way.

29. That on or about January 1, 2023, Ms. Smart remained falsely and unlawfully imprisoned in the custody of TPD without any cause, basis or justification where she was thereafter forced to defend

herself and answer for the aforementioned unjust and baseless criminal charges, which were the subject of the malicious prosecution that was initiated by the Defendants (Toledo Municipal Court – Case No. CRA-23-00018; TRD-23-00005; TRD-23-05800 and Lucas County Common Pleas Case No. CR2023-1495).

30. That the arrest of Ms. Smart by the individual Defendants was perpetrated without a warrant or other legal process and without probable cause.

31. That following her unlawful and false arrest, Officer Hobbs and Officer Pluff made false representations, accusations, allegations and complaints concerning Ms. Smart to agents, servants and/or employees of TPD and the City, the Toledo Prosecutor's Office and/or the Lucas County Prosecutor's Office. These departments acted on the representations of the Defendants herein and initiated criminal proceedings against the Plaintiff herein. Furthermore, the Defendants knew that both the Toledo Prosecutor's Office and the Lucas County Prosecutor's Office would rely upon their representations and the Defendants knew that said prosecutors would seek and file criminal charges and prosecute the Plaintiff based upon their representations and the allegations and facts that these named individual Defendants communicated to said prosecutors.

32. Additionally, the individual Defendants knew that the allegations that they communicated to the Toledo Prosecutor's Office and Lucas County Prosecutor's Office were false, exaggerated, inaccurate, and untrue but they communicated said allegations nonetheless, knowing that Ms. Smart would be subjected to criminal prosecution and knowing that her freedom and liberty would be jeopardized and, if convicted upon false charges, she would be incarcerated, thereby losing her freedom and liberty.

33. That at all relevant times herein, the agents, servants and/or employees of TPD and the City, including, but not limited to, Officer Hobbs and Officer Pluff, knew or reasonably should have known that Ms. Smart was innocent of all allegations against her.

34. That at all relevant times herein, that agents, servants, and/or employees of TPD and the City, including, but not limited to, Officer Hobbs and Officer Pluff, actually knew or reasonably should have known that the allegations against Ms. Smart were fabricated and fraudulent.

35. That at all relevant times herein, that agents, servants, and/or employees of TPD and the City, including, but not limited to, Officer Hobbs and Officer Pluff, conspired to fraudulently and maliciously accuse Ms. Smart of crimes of which she was innocent ("the malfeasance").

36. That Defendants knew, and/or reasonably should have known, that there was no basis whatsoever to charge Ms. Smart under the false charges.

37. Moreover, the complete and utter lack of merit and baseless nature of any conceivable criminal investigation and/or criminal prosecution of Ms. Smart was readily apparent and patently obvious to all Defendants but yet said criminal investigation and/or criminal prosecution of Ms. Smart continued unabated, causing serious injury to her and infringing, violating and rupturing her civil rights.

38. That Defendants their agents, servants, and/or employees unlawfully and falsely arrested and imprisoned Ms. Smart in furtherance to the malfeasance.

39. That at all times relevant herein, Officer Hobbs and Officer Pluff used excessive force and physical force upon Ms. Smart causing her to sustain severe and permanent injuries, despite the fact that Plaintiff did not pose a threat to the physical safety of either officer, or to the public at large, or to any third-party. Furthermore, the Defendants used excessive force against Ms. Smart despite her submissive and non-threatening conduct, which was duly deferential and respectful of the Defendants' apparent authority as law enforcement officers and/or state actors engaged in law enforcement capacity.

40. That at all times relevant herein, during the unlawful apprehension, detention, arrest, imprisonment, and assault and battery of Ms. Smart, the Defendant Officers used excessive, unnecessary and unwarranted force, without her consent and without legal justification.

41. That at all times relevant herein, Ms. Smart suffered extreme, disabling and protracted pain as a result of Defendant Officer's use of excessive force.

42. That at all times relevant herein, notwithstanding that the apprehension, arrest, detention and imprisonment was unjust, unwarranted, without cause, with excessive force and unlawfulness, Ms. Smart complied with the Defendant Officers' commands and did not resist.

43. That at all times relevant herein, Defendants, their agents, servants and/or employees, while acting in concert maliciously and with the intent to injure Ms. Smart, and without just cause or any right to do so, handcuffed, detained, and restrained Ms. Smart against her will, thereby depriving her of her liberty.

44. That the criminal charges filed against Ms. Smart were falsely and maliciously fabricated by Defendants, their agents, servants, and/or employees based on false and incomplete information provided by Defendants, their agents, servants and/or employees in violation of Ms. Smart's civil rights and in furtherance of the malfeasance.

45. That at all times relevant herein, Officer Hobbs and Officer Pluff, with disregard for proper, lawful, appropriate, correct and effective investigative behaviors and procedures, investigated, stopped, detained, accused, arrested, and charged Ms. Smart when it was not right, just, proper or necessary to do so.

46. That at all times relevant herein, Defendants, their agents, servants and/or employees had no cause or basis to stop, question, or search Ms. Smart.

47. That at all times relevant herein, Officer Hobbs and Officer Pluff falsely arrested Ms. Smart for no reason and without probable cause to do so, then assaulted and battered her as described above.

48. That at all times relevant herein, Officer Hobbs and Officer Pluff placed Ms. Smart under arrest for crimes that she did not commit.

49. That at all times relevant herein, Ms. Smart was innocent of the false charges made against her further to the malfeasance.

50. That at all times relevant herein, Defendants, their agents, servants and/or employees acted maliciously and intentionally.

51. That at all times relevant herein, the arrest, assault, battery and detention of Ms. Smart was unlawful, unwarranted and without legal justification.

52. That at all times relevant herein, Defendants, their agents, servants and/or employees knew or should have known that Ms. Smart was innocent of the crimes charged.

53. That at all times relevant herein mentioned, and without proof that Ms. Smart was in any way connected to a crime, or that any crime was, in fact, committed, and without probable cause to detain or arrest Ms. Smart, Defendants, their agents, servants and/or employees individually, acting in concert, knowingly, unlawfully, wrongfully and in furtherance of the malfeasance fabricated the false charges against Ms. Smart and set these charges forth in false and fabricated complaints, falsely sworn by the Defendant Officers.

54. The criminal complaints and reports against Ms. Smart were and are false and fraudulent.

55. At all times herein, Defendants, their agents, servants and/or employees engaged in a sham legal process against Ms. Smart as defined by Ohio law.

56. Based upon the false criminal complaints and reports prepared, upon information and belief, by the Defendant Officers, the Toledo Municipal Court arraigned Ms. Smart on the false charges.

57. That based upon the false criminal complaints and reports prepared, upon information and belief by the Defendant Officers, the Lucas County Prosecutor's Office sought to indict Ms. Smart on the false charges.

58. That at all times herein, Defendants, their agents, servants and/or employees who participated in the investigation, arrest, imprisonment and prosecution of Ms. Smart were following a custom and practice of retribution and retaliation taken on behalf of Officer Hobbs and Officer Pluff against Ms. Smart.

59. That at all times herein, Officer Hobbs and Officer Pluff caused the unlawful investigation of Ms. Smart and her subsequent false arrest, unlawful imprisonment and malicious prosecution.

60. That following the unlawful events described above, Ms. Smart was released on her own recognizance.

61. That Ms. Smart was required to repeatedly appear in court to defend herself from the false charges.

62. By reason of the foregoing acts of the Defendants, and as a direct and proximate result of the acts of the Defendants, Ms. Smart suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer pain in the future.

63. By reason of the foregoing acts of the Defendants, Ms. Smart was caused severe and intense emotional and psychological anguish, distress and embarrassment and will continue to suffer the same in the future.

64. By reason of the foregoing, Ms. Smart was compelled to and did necessarily, require medical attention and did necessarily pay and become liable therefore, and will necessarily continue to incur similar expenses in the future.

65. By reason of the foregoing, Ms. Smart was compelled to, and did necessarily incur legal fees and did necessarily pay and become liable therefore, and will necessarily incur similar legal fees in the future.

**FIRST CAUSE OF ACTION**
**(False Arrest)**

66. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

67. Defendant Officers had no probable cause to believe that Ms. Smart had committed a crime and she did not engage in any conduct that warranted her arrest.

68. As a result of the aforesaid conduct by Defendants, Ms. Smart was subjected to an illegal, improper and false arrest by the Defendant Officers and taken into custody and caused to be falsely imprisoned, detained and confined without probable cause, privilege or consent.

69. By reason of their aforesaid conduct, Defendant Officers falsely arrested Ms. Smart and thereby violated her rights under the laws of the State of Ohio and under the Fourth and Fourteenth Amendments to the United States Constitution.

70. That solely as a result of the negligence, recklessness and/or intentional acts of Defendants as aforesaid, Ms. Smart suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**SECOND CAUSE OF ACTION**
**(Unlawful Imprisonment)**

71. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

72. By reason of Defendants' aforesaid conduct, Ms. Smart was detained without her consent and Defendants knew she was detained against her consent.

73. That solely as a result of the negligence, recklessness and/or intentional acts of Defendants as aforesaid, Ms. Smart suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great

physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION
### (Violation of Civil Rights – 42 U.S.C. § 1983, § 1985 and § 1988
### Against Individual Defendants)

74. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

75. The Defendants, acting in concert and individually and under the color of law, have deprived Ms. Smart of her civil, constitutional and statutory rights and have conspired to deprive her of such rights under the Fourth and Fourteenth Amendments and liable to the Plaintiff under the Fifth Amendment, Eighth Amendment, 42 U.S.C. § 1983, § 1985 and § 1988.

76. As a result of the foregoing, Ms. Smart suffered injuries including, but not limited to, severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION
### (Violation of Civil Rights – Unreasonable and Excessive Force - 42
### U.S.C. § 1983, § 1985 and § 1988)

77. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

78. By their conduct, Defendants, acting under color of law, deprived Ms. Smart of her constitutional rights to be free from excessive and unreasonable force.

79. Ms. Smart claims compensatory and punitive damages for the injuries set forth above and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION
### (Assault and Battery)

80. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

81. By reason of Defendants' aforesaid acts, specifically in the course of falsely arresting and imprisoning Ms. Smart, Defendants committed the torts of assault and battery upon her.

82. That at all relevant times herein, Defendants, their agents, servants and/or employees were under a duty to protect Ms. Smart from the violation of her civil rights, tortious acts, negligence, recklessness and/or want of care in her unlawful detention and/or arrest by TPD Officers committing said acts.

83. That at all relevant times herein, Defendants, their agents, servants and/or employees menaced, assaulted, battered, and used excessive force, maliciousness and brutality in the arrest, detention and custody of Ms. Smart.

84. That at all relevant times herein, Defendants, their agents, servants and/or employees caused Ms. Smart to reasonably apprehend that she was about to be harmfully and offensively contacted in her arrest and detention.

85. That at all relevant times herein, Defendants, their agents, servants and/or employees offensively contacted and harmed Ms. Smart during her arrest and detention.

86. That at all relevant times herein, Defendants, their agents, servants and/or employees acted in an unsafe and unreasonable manner in the arrest, detention, and custody of Ms. Smart under the circumstances and conditions then and there existing.

87. That at all relevant times herein, Defendants, their agents, servants and/or employees were negligent, reckless and intentional in their failure to protect Ms. Smart from the violation of her civil rights, menacing, assault, battery, excessive force and brutality in her arrest and/or detention.

88. That solely as a result of the negligence, recklessness and/or intentional acts of Defendants as aforesaid, Ms. Smart suffered injuries including, but not limited to, great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal physical injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; incurred medical and legal expenses, was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

89. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

90. By their forgoing acts, specifically their false arrest and unlawful imprisonment of Ms. Smart, and their assault and battery upon her, Defendants intended to and did cause the foregoing harm to Ms. Smart.

91. That at all times relevant herein, Defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to Ms. Smart in fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

92. That at all times relevant herein, Defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to Ms. Smart in being verbally abusive, intimidating and threatening.

93. That at all times relevant herein, Defendants, their agents, servants and/or employees acted heinously and beyond the standards of civilized decency.

94. That at all times relevant herein, Defendants, their agents, servants and/or employees conduct was utterly intolerable in a civilized society.

95. That at all times relevant herein, Defendants, their agents, servants and/or employees committed these acts in public.

96. That solely as a result of the negligence, recklessness and/or intentional acts of Defendants as aforesaid, Ms. Smart suffered injuries including, but not limited to, great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal physical injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; incurred medical and legal expenses, was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**SEVENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**

97. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

98. That at all times relevant herein, Defendants, their agents, servants and/or employees were under an affirmative duty to refrain from abusing their power and position and from fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

99. That at all times relevant herein, Defendants, their agents, servants and/or employees knew or reasonably should have known that the malfeasance could lead to harm against Ms. Smart.

100. That at all times relevant herein, Ms. Smart justifiably relied upon Defendants, their agents, servants and/or employees to conduct themselves properly as public officials and not to abuse their power and position in the manner as set forth above.

101. That at all times relevant herein, Defendants, their agents, servants and/or employees breached their duty to Ms. Smart by abusing their power and position as set forth above.

102. That at all times relevant herein, Defendants, their agents, servants and/or employees were under an affirmative duty to treat Ms. Smart with courtesy, professionalism, and respect.

103. That at all times relevant herein, Defendants, their agents, servants and/or employees knew or reasonably should have known that failing and/or refusing to treat Ms. Smart with courtesy, professionalism, and respect could lead to harm under the circumstances then and there existing.

104. That at all times relevant herein, Ms. Smart justifiably relied upon Defendants, their agents, servants and/or employees to treat her with courtesy, professionalism, and respect.

105. That at all times relevant herein, Defendants, their agents, servants and/or employees breached their duty to Ms. Smart in being verbally abusive and intimidating.

106. That solely as a result of the negligence of Defendants as aforesaid, Ms. Smart suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent physical injuries, loss of enjoyment of life, had her civil rights violated, lost earnings, medical and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**EIGHTH CAUSE OF ACTION**
**(Violation of Civil Rights – Malicious Prosecution – 42 U.S.C. § 1983)**

107. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

108. By their forgoing acts, Defendants acting individually, jointly, and in conspiracy with each other, instigated, influenced or participated in the decision to prosecute Ms. Smart knowing there was no probable cause in violation of her constitutional rights.

109. The charges filed against Ms. Smart were dismissed in her favor.

110. The Defendants falsely accused Ms. Smart of criminal activity knowing those accusations to be without genuine probable cause, made false statements to prosecutors and wrote false reports with the intent of exerting influence on, and to institute and continue the judicial proceedings against Ms. Smart.

111. By their forgoing acts, Defendants, acting individually, jointly, and in conspiracy with each other, deliberately engaged in arbitrary and unconscionable conduct that contravened fundamental canons of decency and fairness and violated Ms. Smart's substantive due process rights under the Fourteenth Amendment.

112. The Defendants were acting under color of law and within the scope of their employment when they took these actions.

113. As a result of the foregoing malicious prosecution, Ms. Smart suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent physical injuries, loss of enjoyment of life, had her civil rights violated, lost earnings, medical and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## **NINTH CAUSE OF ACTION**
**(Negligence)**

114. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

115. The Defendant Officers were negligent in the false arrest, unlawful imprisonment and malicious prosecution of Ms. Smart; in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances without any negligence on the part of Ms. Smart contributing thereto. The City, by and through TPD, were negligent in hiring and retaining persons who were unfit to serve as police officers and who they knew or should have known had dangerous propensities and lack of proper temperament. The City, by and through TPD, failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for the City. The City, by and through TPD, were negligent in its instructions of its police officers by not exercising care in instructing them as to their department, behavior and conduct as police officers and representatives of the City and TPD and in training and instructions, among other things of proper conduct of police officers in making an arrest and what they should do following an arrest of an individual.

116. That Defendants are liable for the conduct of their agents, servants and/or employees by virtue of *respondeat superior*.

117. As a result of the foregoing, Ms. Smart suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent physical injuries, loss of enjoyment of life, lost earnings, medical and legal expenses. Ms. Smart claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TENTH CAUSE OF ACTION
### (Punitive Damages)

118. Plaintiff repeats, reiterates and alleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

119. Due to the above, Ms. Smart should be awarded punitive damages against the Defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

WHEREFORE, the Plaintiff, Kaylynn Smart, demands judgment against the Defendants stated herein under all causes of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, together with attorney fees and the costs and disbursements of this action.

Respectfully submitted,

/s/ Martin J. McManus
Martin J. McManus
Attorney for Kaylynn Smart

## CERTIFICATION

This is to certify that on December 22, 2023 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's ECF system.

/s/ Martin J. McManus
Martin J. McManus